UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

LISSETTE FERNANDEZ,

                           Plaintiff,

          -against-

CITY OF PEEKSKILL,

                         Defendant.

--------------------------------------------------------X

**ORDER**

25 Civ. 4417 (KMK)(JCM)

On May 27, 2025, Plaintiff Lissette Fernandez commenced this action against the City of Peekskill ("Defendant"), alleging, *inter alia*, that Defendant unlawfully retaliated against her by "failing to promote her to the full-time City Court judge position, [and] instead appointing two much less-qualified individuals" in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"), and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. §§ 290, *et seq*. (Docket No. 1 ¶¶ 3-4).[1]  Presently before the Court, is Defendant's letter motion seeking an order compelling production of Plaintiff's tax returns and other financial records from 2018 to the present. (Docket No. 44).  Plaintiff opposes this motion. (Docket No. 45).

**I. BACKGROUND**

On January 27, 2020, Plaintiff "was appointed to a six-year term as the part-time Peekskill City Court judge by the Peekskill Common Council." (Docket No. 38 ¶ 19).  During her time as a part-time judge, Plaintiff alleges that she was sexually harassed by her co-judge, Reginald J. Johnson ("Johnson"). (*Id*. ¶¶ 21-44).  Plaintiff reported Johnson's alleged sexual

---

[1] On June 6, 2025, Plaintiff filed an Amended Complaint adding a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. (Docket No. 5).  Plaintiff filed a Second Amended Complaint ("SAC"), adding an additional claim for retaliation on March 19, 2026. (Docket No. 38).

1

misconduct to her supervisors and to the New York State Inspector General's Office, and filed a formal complaint of gender discrimination with the New York State Commission on Judicial Conduct. (*Id.* ¶¶ 45-62). Johnson subsequently resigned from the bench on September 12, 2024. (*Id.* ¶ 63). After Johnson's resignation, Plaintiff applied for the now vacant full-time judge position but was "passed up" for Sophia Trott, who was sworn in as the full-time Peekskill City Court Judge on December 9, 2024. (*Id.* ¶¶ 77-93). When Plaintiff's term was up, she applied for reappointment to the part-time judge position. (*Id.* ¶¶ 96-98). However, Plaintiff was not reappointed. (*Id.* ¶¶ 99-108). Plaintiff claims, *inter alia,* that Defendant unlawfully retaliated against her by "failing to hire and/or promote her to the full-time City Court judge position," and failing to reappoint her to the part-time judge position because of her complaints against Johnson. (*Id.* ¶¶ 118-33). Defendant denies Plaintiff's allegations. (Docket No. 39).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. While relevant evidence, for purposes of discovery, need not be admissible at trial, a court "must limit the frequency or extent of discovery otherwise allowed" if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Lynch v. City of N.Y.*, No. 16-CV-7355 (LAP), 2021 WL 5140728, at *2 (S.D.N.Y. Nov. 4, 2021) (quoting Fed. R. Civ. P. 26(b)(2)(C)); *see also* Fed. R. Civ. P. 26(b)(1). Relevance is determined "in light of the claims and defenses asserted by the parties," *In re Bairnco Corp. Sec. Litig.*, 148 F.R.D. 91, 96 (S.D.N.Y. 1993), and the Court has "broad discretion in determining relevance for discovery

2

purposes," *Michael Kors, L.L.C. v. Su Yan Ye*, 18-CV-2684 (KHP), 2019 WL 1517552, at *2

(S.D.N.Y. Apr. 8, 2019). "The burden of demonstrating relevance is on the party seeking

discovery." *Cohen v. City of N.Y.*, No. 05 Civ. 6780 (RJS)(JCF), 2010 WL 1837782, at *2

(S.D.N.Y. May 6, 2010). While the scope of discovery is "broad," it is not "limitless." *Fears v.*

*Wilhelmina Model Agency, Inc.*, No. 02 Civ. 4911(HB)(HBP), 2004 WL 719185, at *1

(S.D.N.Y. Apr. 1, 2004).

## III.  PLAINTIFF'S PERSONAL TAX RETURNS

Defendant requests the production of Plaintiff's "tax returns" and other financial records

reflecting "Plaintiff's earnings [from] 2018 to the present, such as paystubs, Form W-2s, Form

1099s, unemployment payments, and/or other similar documents." (Docket No. 44 at 2).[2]

Plaintiff objects to this request, arguing that her tax returns are protected by a qualified privilege,

that the request is intrusive and constitutes a fishing expedition, and that Defendant has not

demonstrated a compelling need for the information. (Docket No. 45 at 1-3).

Although "[i]ncome tax returns are not inherently privileged," courts "are typically

reluctant to compel their disclosure because of both 'the private nature of the sensitive

information contained therein' and 'the public interest in encouraging the filing by taxpayers of

complete and accurate returns.'" *Agerbrink v. Model Serv. LLC*, 14 Civ. 7841 (JPO)(JCF), 2017

WL 933095, at *5 (S.D.N.Y. Mar. 8, 2017) (quoting *Uto v. Job Site Servs. Inc.*, 269 F.R.D. 209,

212 (E.D.N.Y. 2010)); *see also Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660

(2d Cir. 2018) ("Due to 'the private nature of the sensitive information contained therein, and in

part from the public interest in encouraging the filing by taxpayers of complete and accurate

returns,' courts 'have long been reluctant' to order discovery of tax returns.") (quoting *Smith v.*

---

[2] All page number citations herein refer to the page numbers assigned upon ECF filing, unless otherwise noted.

*Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). "A two-prong test must be satisfied for the court to order disclosure of tax returns: first, the court must find that the returns are relevant to the subject matter of the action; and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985).

Defendant satisfies the first prong but fails to meet the second prong. First, because Plaintiff is seeking damages for lost income, documents relating to her income are relevant to evaluating that claim. (Docket No. 44 at 2); *see also Taylor v. City of New York*, 19 Civ. 6754 (KPF), 2020 WL 6559412, at *5 (S.D.N.Y. Nov. 9, 2020) (holding that employment history and income tax statements were relevant because "Plaintiff's past income is clearly relevant to refuting Plaintiff's claims regarding the extent of any alleged damages due to lost income."); *cf. Ellis v. City of New York*, 243 F.R.D. 109, 112 (S.D.N.Y. 2007) (quashing subpoena for Section 1983 tax returns because plaintiff was "not claiming lost wages or other losses related to his income"). Moreover, Plaintiff does not contest the relevance of such financial information in her opposition, but maintains that the various financial information she has produced, including her 2024 tax return, her 2025 Sole Proprietorship Form 1040, and her W-2s for the years 2022 to 2025, are sufficient. (Docket No. 45 at 1). Thus, Defendant has satisfied the first prong since income-related documents are relevant to Plaintiff's claims.

While Plaintiff's income is relevant, it does not automatically follow that her tax returns are discoverable. *See Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 150 (E.D.N.Y. 2008) ("[T]ax returns are not always discoverable in cases in which a party's income is relevant to the subject matter of the action."). Here, Defendant has not demonstrated a "compelling need" for Plaintiff's additional tax returns or other income-related documents beyond what Plaintiff has

4

already produced in this action.  Defendant claims that it is entitled to the requested documents because (1) it needs to establish a control or base year to determine any potential financial impact on Plaintiff, (2) it needs to know what Plaintiff's law practice looked like before she was appointed to the part-time judge position in order "to see how much of her total income came from her employment as part-time judge versus her private law practice[,]" and (3) it has the "right to see if Plaintiff 'slowed down' her law practice to artificially inflate her damages." (Docket No. 44 at 2).  Such conclusory and speculative assertions, without more, do not satisfy Defendant's burden. *See Malinowski v. Wall St. Source, Inc.*, No. 09 Civ. 9592(JGK)(JLC), 2011 WL 1226283, at *4 (S.D.N.Y. Mar. 18, 2011) ("Defendants' bare assertion that 'an examination of Plaintiff's individual tax records could lead to evidence that Plaintiff was deriving income from outside sources' is purely speculative.").

Furthermore, Plaintiff was not selected for the full-time position on October 20, 2024. (Docket No. 38 ¶ 84).  Therefore, the relevant period to determine Plaintiff's mitigation efforts would occur *after* that date.  Defendant has not established a compelling need to obtain tax returns back to 2018.  Plaintiff has already produced financial information for the relevant time period, such as her 2024 tax return, her 2025 Sole Proprietorship Form 1040, and her W-2s for the years 2022 to 2025. (Docket No. 45 at 1).  This financial information is sufficient for Defendant to determine Plaintiff's earnings. *See also McFadden v. Clarkeson Rsch. Grp., Inc.*, CV 09-112 (LDW)(AKT), 2009 WL 10708897, at *1 (E.D.N.Y. Dec. 11, 2009) (denying motion to compel production of tax returns, in part, because "Plaintiff has supplied her W-2 forms.").

Moreover, Defendant does not explain why it did not question Plaintiff regarding her alleged lost income during her depositions.  As Plaintiff points out, "[i]n all three instances where Defendant questioned Plaintiff under oath, Defendant neglected to ask her any questions

regarding her income, mitigation efforts, or the success of her law practice. Thus, Defendant did not even seek the information it now seeks to compel by perhaps the *least* intrusive source available[.]" (Docket No. 45 at 2). Therefore, Defendant had ample opportunity to question Plaintiff about her alleged damages and lost income but failed to do so. *See Hazeldine v. Beverage Media, Ltd.*, No. 94 CIV. 3466 (CSH), 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997) (noting that tax returns are not discoverable where the information sought could be obtained through less intrusive sources, such as through deposition questioning).

Accordingly, Defendant's request for an order to compel Plaintiff to produce the requested tax returns or other related financial information is denied. *See, e.g., Yong F. Ke v. 85 Fourth Avenue, Inc.*, No. 07 Civ. 6897 (BSJ)(JCF), 2009 WL 1058627, at *4 (S.D.N.Y. Apr. 20, 2009) (denying defendants' motion to compel tax returns or other financial records where the plaintiff had "produced documents reflecting each plaintiff's wage-based income from any employer, including W–2 and 1099 forms, as well as documents relating to each plaintiff's self-employment and unemployment income.").

## IV. CONCLUSION

Accordingly, for the foregoing reasons, Defendant's motion to compel is denied. The Clerk of Court is respectfully directed to terminate the pending motion (Docket No. 44).

Dated: July 2, 2026
      White Plains, New York

**SO ORDERED:**

JUDITH C. McCARTHY
United States Magistrate Judge

6